IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                Case No.: 08:09-bk-01619-MGW
                                                                      Chapter 7
Diane M. Whitaker a/k/a
Diane M. Benitez,

    Debtors,
_____/

Stephen L. Meininger,                                                 Adv. No.: 8:09-ap-00939-MGW
as Chapter 7 Trustee,

    Plaintiff,

vs.

World Financial Network National
Bank, d/b/a American Signature
Furniture Credit Card,

    Defendant.
_____/

## Memorandum Opinion

        The Florida Consumer Collection Practices Act prohibits inappropriate debt collection practices, such as harassing the debtor with frequent communications, knowingly asserting the existence of a right or debt that does not exist, and communicating with the debtor after knowing that the debtor has retained counsel.[1] While there may have been communications to the Debtor that violated these provisions, the Trustee has not carried his burden of proof that it was the Defendant in this action that made those communications. Accordingly, the Trustee has not proven any violations of the FCCPA, and judgment will be entered in favor of the Defendant.

---

[1] §§ 559.55-.785, Fla. Stat. (2009).

## Factual and Procedural Background

The Trustee sued the Defendant, World Financial Network National Bank, to recover actual and punitive damages for allegedly violating the FCCPA in attempting to collect a debt from the Debtor before she filed this case.[2] The debt at issue was incurred with a credit card co-branded by World Financial (as the issuing bank) and American Signature Furniture (a furniture retailer). The Trustee alleges in his complaint that World Financial "made multiple collection calls on multiple days in multiple weeks over multiple months" in an effort to collect this debt.[3] The Trustee alleges that World Financial's conduct "was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause."[4] At trial, the Trustee offered the testimony of the Debtor concerning the many calls she received from creditors on almost a daily basis during the months leading up to her bankruptcy filing.

During one such call, the Debtor recalls being questioned as to the whereabouts of the furniture she purchased with the credit card and explaining that she was unable to return it because her husband had recently absconded with it (and all her other possessions) to an unknown location. After the Debtor explained that she would return the merchandise if she could, the caller stressed that the Debtor's name was on the account, and as such, she was responsible for it. The Debtor informed the caller that she was filing for bankruptcy and had retained a bankruptcy attorney. She then provided the caller with the attorney's name and phone number.

---

[2] Specifically, the Trustee alleged that World Financial violated sections 559.72(7), (9) & (18), Florida Statutes, by calling too often, asserting a nonexistent legal right, and communicating with the Debtor knowing that she had retained counsel.

[3] Adv. Doc. No. 41 at ¶10.

[4] *Id.* at ¶7.

The Debtor also recalls in detail a second phone call from a creditor during which her decision to file bankruptcy was questioned. After explaining to the caller that she would not be filing bankruptcy if she just had the one debt, she again provided the name and number of her bankruptcy attorney. The Debtor testified that the second caller was very nice, especially in comparison to the first caller, but that she still continued to receive calls from the creditor and related debt collectors even though she again explained her situation and provided her attorney's information.

It appears from the Debtor's trial testimony that both World Financial and American Signature Furniture made calls with respect to the debt at issue in this case. The Debtor remembers receiving numerous calls from American Signature Furniture and assumed the calls came from World Financial (the issuing bank). World Financial's account notes, which are generated automatically every time the Debtor's account is accessed, indicate that the Debtor was called once after the date the Trustee contends the calls began, and during that phone call, the caller noted the name and number of the Debtor's attorney. The second—and final—call recorded on Debtor's account was made to the Debtor's attorney to verify that he had been retained. After that, the file was marked "BK"—indicating that the Debtor had filed bankruptcy.

World Financial has a training course for employees that includes instruction on how to handle an account when a debtor has retained an attorney for purposes of filing bankruptcy. When an account is marked "BK," the account is automatically removed from the collections calling queue so that no further calls may be placed. Employees are specifically instructed not to make any further communications after an account is marked as being in bankruptcy. And importantly, World Financial does not have a repossession department. Once World Financial

ceases to actively collect on an account, it is returned to the retailer for further collection activity. That appears to be what occurred here.

## Conclusions of Law[5]

The Trustee's complaint alleges World Financial violated three separate subsections of the FCCPA: sections 559.72(7), (9) & (18). Subsection (7) provides that a person shall not willfully communicate with the debtor with such frequency as can reasonably be expected to harass him or her;[6] subsection (9) provides that a person shall not threaten to enforce a debt when the person knows that the debt is not legitimate;[7] and subsection (18) prohibits a person from communicating with the Debtor if it knows that she is represented by an attorney with respect to the debt its attempting to collect.[8] The Court concludes that the Trustee failed to meet his burden under each of those subsections.

To prove a violation of section 559.72(7), the Trustee must show that World Financial's communications were willfully placed and that the frequency of those communications could reasonably be expected to harass the Debtor.[9] This standard is met only if World Financial's communications continue after "all reasonable efforts at persuasion and negotiation have failed."[10] In the leading case construing this provision, *Story v. J.M. Fields, Inc.*, the debtor

---

[5] The Court has jurisdiction over this contested matter under 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).  The parties have consented to the Court's entry of a final judgment in this proceeding for purposes of 28 U.S.C. § 157(c)(2).

[6] § 559.72(7), Fla. Stat.

[7] § 559.72(9), Fla. Stat.

[8] § 559.72(18), Fla. Stat.

[9] *Beeders v. Gulf Coast Collection Bureau*, 632 F. Supp. 2d 1125, 1129 (M.D. Fla. 2009). The court in *Breeders* did not enter into a factual analysis of the ten calls at issue and merely stated the above standard while evaluating whether summary judgment was appropriate.

[10] *Story v. J.M. Fields, Inc.*, 343 So.2d 675, 677 (Fla. 1st DCA 1977).

received over 100 phone calls over a period of five months, and the calls came regularly.[11] Based on those facts, the court in *Story* held that a jury could have found that the creditor willfully communicated with such frequency as could reasonably be suspected to harass the debtor.[12]

The facts in this case fall far short of the actionable conduct found in *Story* and other similar cases. Here, there were only two documented calls over a three-month time period that can be attributed to World Financial. And only one of the calls was to the Debtor; the second call was to the Debtor's bankruptcy attorney. So the Court concludes that the telephone calls in this case are not harassing communications under section 559.72(7).

Moreover, there was no evidence at all to support the Trustee's claim that the debt World Financial was seeking to collect was not legitimate. As a consequence, World Financial cannot be held liable under section 559.72(9). And there was no evidence that World Financial continued to call the Debtor after learning that she was represented by an attorney. While there may have been other calls that were made by American Signature Furniture, this action was brought against World Financial. So the Defendant cannot be held liable under section 559.72(18).

## Conclusion

Having found that the Trustee has failed to present evidence that World Financial willfully communicated with the Debtor in a manner reasonably expected to harass her, attempted to collect a debt that was not legitimate, or called the Debtor after having actual knowledge that she had retained counsel, the Court finds that the Trustee has not met his burden of proof under sections 559.72 (7), (9), and (18), Florida Statutes.

---

[11] *Id.*

[12] *Id.*

A separate judgment will be entered consistent with the court's findings of fact and conclusions of law set forth in this Memorandum Opinion.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on  May 10, 2013

_____
Michael G. Williamson
United States Bankruptcy Judge

Attorney Date T. Golden is directed to serve a copy of this memorandum opinion on interested parties and file a proof of service within 3 days of entry of the opinion.